IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
JUDICIAL DISTRICT 1

DENISE HUNTER,

    Plaintiff,

vs.

CHOBANI, INC.,
WAL-MART STORES, INC.,

    Defendants.

CIVIL ACTION NUMBER
A2401-16-74

FILED
APR 20 2016
CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

**COMPLAINT**

**COMES NOW** the Plaintiff, DENISE HUNTER, in above-styled matter and files this Complaint against Defendants CHOBANI, INC. and WAL-MART STORES, INC., and for causes of action would respectfully show the following:

## THE PARTIES
*Plaintiff*

1. The Plaintiff, DENISE HUNTER, is an individual above the age of 21 living in Harrison County, Mississippi.

2. The Defendant, CHOBANI, INC. (hereinafter referred to as "Chobani") is a corporation doing business in Mississippi with its principle location at 669 County Road 25, New Berlin, New York 13411.

3. The Defendant, WAL-MART STORES, INC. (hereinafter referred to as "WalMart") is a corporation doing business in Mississippi with its principle location at 702 SW 8th Street, Bentonville, Arkansas 72716-0860.

EXHIBIT
B

1

## FACTS

4.     In or about August 2013, Plaintiff was injured and damaged when she purchased a Chobani food product (see photographs attached as Exhibit 1) that was contaminated, distributed and sold by Defendant WalMart and manufactured by Chobani. The Chobani food product was defective and unreasonably dangerous causing bodily injury to the Plaintiff and other related damages.

## JURISDICTION

5.     The amount in controversy, without interest and costs, is in excess of the jurisdictional limits of this Court.

## VENUE

6.     Venue of this action is proper in Gulfport, Mississippi as the sale of the product and all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Gulfport, Mississippi.

## AGENCY

7.     Whenever it is alleged that one Defendant committed an act, it is also meant that the Defendant committed said act or acts through its officers, directors, agents, employees, servants, or representatives, acting with full authority, by virtue of express, apparent, or implied authority and agency within the course and said scope of any employment and/or with full ratification of the other Defendant(s) named in the Complaint.

## COUNT ONE
### *Negligence/Wanton Conduct*

8. Plaintiff alleges and avers that said Defendants were negligent and/or wanton in one or more of the following particulars:

   a) Plaintiff alleges that Defendants negligently and/or wantonly sold a defective Chobani food product and its component parts to Plaintiff.

   b) Defendants negligently failed to warn Plaintiff of the contaminated food product with knowledge of the foreseeable danger to Plaintiff and Plaintiff had no knowledge of the defective condition of the Chobani food product.

   c) The Defendants jointly, separately, and/or severally combined and concurred, negligently, wrongfully, and/or wantonly cause or contribute to the damage caused to Plaintiff made the basis of this lawsuit.

   d) Plaintiff alleges that as proximate result of said Defendants' conduct, Plaintiff's body was damaged as set out in Paragraph 20 of the Complaint, the contents of which are incorporated herein by reference.

WHEREFORE, premises considered, as the conduct of said Defendants caused the aforedescribed damages to Plaintiff, Plaintiff demands judgment against the Defendants, separately, in such character and quantity as allowed by law.

## COUNT TWO
### *Mississippi Products Liability Act – MS Code § 11-1-63*
### *(Facts)*

9. Plaintiff realleges and adopts by reference the allegations of Paragraphs 1 through 8, inclusive by reference herein.

10. In or about August 2013, and for some time prior thereto, the Defendants were engaged in the business of manufacturing, assembling, selling, packaging, and/or distributing Chobani food products and their components to the general public in the U.S. and Mississippi, including a Chobani product that was sold to Plaintiff on the occasion complained of in this Complaint.

11. Said Defendants, during said period of time and for a valuable consideration, manufactured, assembled, sold, packaged and/or otherwise distributed the said Chobani food product to its WalMart store in Gulfport, Mississippi for consumption by the general public, and the Chobani product was purchased by Plaintiff at the WalMart store for its normal and intended use and consumed by the Plaintiff without knowledge of its defective condition.

12. At said time and place, the Chobani food product reached the ultimate user without substantial change in the condition in which it was designed, manufactured, assembled, sold, packaged, and/or otherwise distributed and was being used in a foreseeable manner by the Plaintiff.

13. The Chobani food product was not reasonably safe when being used in a foreseeable manner but to the contrary, it was defective and unreasonably dangerous when used and consumed by Plaintiff. The Defendants knew, or in the exercise of reasonable care should have known that said Chobani food product was unreasonably dangerous when being used in a foreseeable manner. Plaintiff alleges that the Chobani food product was defective as a result of one or more of the following actions by the Defendants:

   a) Negligently and/or wantonly failed to design, maintain, preserve, manufacture, assemble, sell, package or otherwise distribute the Chobani food product in such a manner as to prevent it from failing and otherwise becoming contaminated and harmful to the public and Plaintiff when consumed;

   b) Negligently and/or wantonly failed to exercise reasonably care to make or cause said Chobani food product to be reasonably safe for the use and purpose for which it was intended;

   c) Negligently and/or wantonly failed to warn and instruct, or inadequately failed to warn or instruct, the ultimate user (including Plaintiff) of the Chobani food product's danger when consumed and its harmful effect; and

   d) Negligently and/or wantonly failed to design, manufacture, package, label, assemble, distribute and/or sell the Chobani food product with reasonable safety or protective devices to guard against the type of contamination and damage incurred by Plaintiff, on the occasion made the basis of this lawsuit, including but not limited to: negligently and/or wantonly failed to design, manufacture, assemble, distribute,

4

package, and/or sell the Chobani food product safely with features which would have prevented the Chobani food product being contaminated, causing damage to Plaintiff.

14. The foregoing wrongful conduct of said Defendants renders them liable to the Plaintiff pursuant to the Mississippi Products Liability Act – *MS Code § 11-1-63*.

15. Plaintiff alleges that the negligence and/or wantonness of said Defendants combined and concurred to proximately caused Plaintiff's damages described herein.

WHEREFORE, premises considered, as the conduct of said Defendants caused the aforedescribed damage, Plaintiff demands judgment of the Defendants, separately, in such character and quantity as allowed by law.

## COUNT THREE
### *Breach of Warranty*

16. Plaintiff realleges those materials averments contained in Paragraphs 1 through 15 inclusive by reference herein.

17. In or about August 2013, and for some time prior thereto, Defendants expressly and/or impliedly warranted that the Chobani food product and/or its component parts were of merchantable quality and fit for normal ordinary use by the general public including Plaintiff.

18. Specifically, said Defendants expressly and/or implied warranted that the Chobani food product and/or its component parts were fit for use and consumption by the general public and would not subject Plaintiff to unreasonable risks of harm and/or damage when the Chobani food product was used and consumed in normal and foreseeable conditions.

19. Said Defendants' breach of the aforesaid warranties proximately caused the damages suffered by the Plaintiff as set out in Paragraph 20 of this Complaint.

WHEREFORE, premises considered, as the conduct of said Defendants proximately caused the aforedescribed damage, Plaintiff demands judgement of the Defendants, separately, in such character and quantity as allowed by law.

## DAMAGES

20. Plaintiff realleges those materials averments contained in Paragraph 1 and through Paragraph 19 inclusive by reference herein. The Plaintiff was damaged as follows:

   a) she suffered food poisoning as a result of the consumption of the Chobani food product;

   b) her digestive system was damaged;

   c) she was caused to suffer and continues to suffer nausea, vomiting, and diarrhea, and other related illnesses;

   d) she suffers abdominal pain and other pain;

   e) she suffered emotional injuries, depression and stress;

   f) she suffered loss of income and job opportunity, past and future; and

   g) she incurred medical expenses and other expenses related to her injury.

WHEREFORE, premises considered, as the conduct of said Defendants caused the aforedescribed damage, Plaintiff demands judgment of the Defendants, separately, in such character and quantity as allowed by law. Plaintiff demands compensatory and punitive damages, as a jury may find appropriate under the circumstances of this case for the purposes allowed by law.

Dated this the 20th day of April, 2016.

**PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*(signature)*
WEYMAN W. McCRANIE, JR. (MSB# 2272)
*Attorney for Plaintiff*

OF COUNSEL:

WRIGHT GREEN, PC
504 Boulevard Park East / 36609
Post Office Box 16818
Mobile, Alabama 36616
Telephone:   (251) 344-7744
Facsimile:   (251) 343-9629
Email:       billmccranie@wrightgreen.com

**Please serve Defendant, CHOBANI, INC., via certified mail at the following addresses:**

CHOBANI
669 County Road 25
New Berlin, New York 13411

**Please serve Defendant, WAL-MART STORES, INC., via certified mail at the following address:**

WAL-MART STORES, Inc.
702 SW 8th Street
Bentonville, Arkansas  72716-0860